IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Andrew Lukas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   17 C 7538 |
| | ) | |
| Midland Credit Management, Inc., a Kansas corporation, and Midland Funding, LLC, a Delaware limited liability company, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Andrew Lukas, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Andrew Lukas ("Lukas"), is a citizen of the State of Alabama, from whom Defendants attempted to collect a defaulted consumer debt that he allegedly owed for a Citibank credit card, despite the fact that he had exercised his rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program

("LASPD"), located in Chicago, Illinois.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. MCM operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant MCM was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, Midland Funding, LLC, ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Midland operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister company, MCM. Defendant Midland's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants MCM and Midland are both authorized to conduct business in

Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants MCM and Midland conduct extensive and substantial business in Illinois by trying to collect debts from thousands of persons in Illinois via collection letters, phone calls and lawsuits.

8. Moreover, Defendants MCM and Midland are both licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants MCM and Midland act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Lukas is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a Citibank credit card account. In response to his financial problems, Mr. Lukas sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his debt problems, including the Citibank debt.

10. Accordingly, on June 17, 2015, one of Mr. Lukas' legal aid attorneys informed Citibank that Mr. Lukas was represented by counsel, and directed Citibank to cease contacting him and to cease all further collection activities because Mr. Lukas was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit C.

11. Citibank then had another collection agency, United Recovery Systems ("URS"), send Mr. Lukas a collection letter, dated November 20, 2015. A copy of this letter is attached as Exhibit D.

12. Accordingly, on January 22, 2016, one of Mr. Lukas' legal aid attorneys

again informed Citibank, through URS, that Mr. Lukas was represented by counsel, and directed Citibank to cease contacting him and to cease all further collection activities because Mr. Lukas was forced, by his financial circumstances, to refuse to pay his unsecured debt. A copy of this letter and the fax confirmation is attached as Exhibit E.

13. Thereafter, Defendant Midland bought/obtained Mr. Lukas' alleged Citibank account, ignored the information in the account notes that told it, as the successor-in-interest, that Mr. Lukas was represented by counsel as to this debt and that it could no longer call or write to him, and had its sister company, Defendant MCM, send Mr. Lukas a collection letter, dated November 30, 2016, demanding payment of the Citibank debt. A copy of this collection letter is attached as Exhibit F.

14. Accordingly, on January 16, 2017, Mr. Lukas' legal aid attorneys again informed Defendants in writing, that they represented Mr. Lukas, that he refused to pay and that Defendants should cease communications. A copy of this letter and fax confirmation are attached as Exhibit G.

15. Defendants' violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that he had the right to refuse to pay this debt and to demand that collection communications cease, Defendants' collection communications made Plaintiff believe that his demands had been futile and that he did not have the rights Congress had granted him under the FDCPA.

16. Moreover, violations of the FDCPA which would lead a consumer to alter his course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendants' actions caused Plaintiff to question whether he was

still represented by counsel as to this debt, which caused stress and confusion as to whether he was required to pay the debt at issue.

17. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-18.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

21. Here, the letters from Plaintiff's attorneys to Defendants' predecessor-in-interest told Defendants to cease communications and cease collections. By directly communicating with Mr. Lukas regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

22. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

23. Plaintiff adopts and realleges ¶¶ 1-18.

24. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

25. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with his debt because his attorneys had given notice in writing, to Defendants' predecessor-in-interest, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff a collection letter, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

26. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Andrew Lukas, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Lukas, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Andrew Lukas, demands trial by jury.

                                        Andrew Lukas,

                                        By: /s/ David J. Philipps
                                        One of Plaintiff's Attorneys

Dated: October 18, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com